IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BILLY JACK KEENE,              *
                              *
       Petitioner,            *
                              *
vs.                           *   CIVIL ACTION NO. : 15-00077-WS-B
                              *
UNITED STATES OF AMERICA,      *
                              *
       Respondent.            *

REPORT AND RECOMMENDATION

Petitioner Billy Jack Keene, proceeding *pro* se, has filed a petition seeking habeas relief under 28 U.S.C. § 2241.[1] (Doc. 1).  The petition, which has been fully brief and is ripe for adjudication, has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R) and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).  Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Keene's habeas petition be

---

[1]    Petitioner was in the custody of the Bureau of Prisons at the time that he filed this action, but was later released from custody. (Doc. 1 at 1; Doc. 1-1; Doc. 9).

**DENIED** and that this action be **DISMISSED**, as Keene's claims are not cognizable under 28 U.S.C. § 2241.

## I.      Background.

In March 2005, Keene was indicted on three counts of bank robbery by force and violence. See United States of America v. Keene, Crim. No. 05-00273-WS-M, Doc. 1. Keene plead guilty to these charges on December 7, 2005. Id., Doc. 14. On March 17, 2006, Keene was sentenced to 120 months as to each count, to run concurrently, and was ordered to pay restitution totaling $21,995 to three different financial institutions jointly and severally with his co-conspirators. Id., Doc. 21.  Keene timely appealed this judgment, and the Eleventh Circuit affirmed the sentence on January 3, 2007. Id., Doc. 33.

## II.     Habeas Petition.

Keene filed the instant petition on February 8, 2015[2] seeking habeas relief under 28 U.S.C. § 2241. (Doc. 1). In his petition, Keene claims that the Bureau of Prisons ("BOP") did not apply money that he paid to the outstanding victim restitution that he owes pursuant to his 2006 judgment. (Id. at 2).  Keene alleges that he paid $14 to

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see (Doc. 1 at 9).

the BOP, and that said funds have not been applied to or credited toward the Court-ordered restitution. (Id. at 7). In his request for relief, Keene seeks an order directing that the balance on his restitution be reduced by $14; that BOP conduct an "audit" to account for all money collected from him, and that BOP reimburse the $5 filing fee he paid in this case. (Id. at 8). Upon review, the Court finds that Keene's claim is not cognizable under § 2241; therefore, the petition should be denied and this action should be dismissed.

## III.   Analysis.

§ 2241 is the statutory grant of authority to federal courts to issue a writ of habeas corpus when certain jurisdictional prerequisites are satisfied. Medberry v. Crosby, 351 F. 3d 1049, 1059 (11th Cir. 2003). While courts have expanded the scope of jurisdiction under this section, Eleventh Circuit precedent clearly states that the remedy that habeas corpus provides remains tied to some form of relief from the petitioner's custody. Arnaiz v. Warden, Federal Satellite Low, 594 F.3d 1326, 1328-1329 (11th Cir. 2010). "It is clear, not only from the language of [the statutes], but also from the common law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody..." Id.

(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1979))(emphasis added in <u>Arnaiz</u>).

Without question, Keene's petition does not in any way relate to the legality of his sentence, but instead focuses on the monetary component of his sentence. Thus, Keene cannot use § 2241 to obtain relief regarding the monetary portions of his judgment. <u>See Jackson v. Flournoy</u>, 2016 U.S. Dist. LEXIS 73449 (S.D. Ga. June 6, 2016)(petitioner's challenge to his restitution is not a cognizable claim under § 2241). Much like the petitioner in <u>Jackson</u>, Keene is not challenging his conviction, his sentence of imprisonment, or the execution of his sentence of imprisonment by the custodial system implementing it. <u>Jackson</u>, 2016 U.S. Dist. LEXIS 73449 at *4. Rather, Keene is only challenging the distribution of the money he has paid in connection with his Court-ordered restitution. (Doc. 1). In as much as his petition does not implicate the execution or duration of his custody sentence, his claim cannot be pursued through a § 2241 petition. <u>Id.</u> (citing <u>Arnaiz</u>, 594 F.3d at 1328-1330).

**IV.    Conclusion.**

For the reasons stated herein, the undersigned **RECOMMENDS** that Keene's habeas petition (Doc. 1) be **DENIED**

and that this action be **DISMISSED**, as it is not cognizable under 28 U.S.C. § 2241.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19ᵗʰ** day of **January, 2017.**

_____
/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**